IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02330-RM-MEH

STEVEN NASH,

    Plaintiff,

v.

WAL-MART, and
LOUISVILLE LADDER, INC.,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Louisville Ladder, Inc. pursuant to Fed. R. Civ. P. 12(b)(6) [filed November 16, 2015; docket #26] and a [Motion and] Joinder in Defendant Louisville Ladder's Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [filed November 20, 2015; docket #30]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), these matters are referred to this Court for recommendation [dockets ##27, 31]. The motions are fully briefed, and oral argument (requested by no party) would not materially assist the Court in its adjudication of the motion. Based on the record contained herein, the Court RECOMMENDS that the District Court grant Defendants' motions, but permit the Plaintiff to file a Second Amended Complaint.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written

**BACKGROUND**

Plaintiff initiated this action on September 23, 2015 in the District Court, Arapahoe County, Colorado. Docket #3. Defendant Louisville Ladder, Inc. ("Louisville") removed the action to this Court on October 20, 2015 pursuant to 28 U.S.C. §§ 1441(a) and 1446. Docket #1. Plaintiff then filed the operative Amended Complaint on November 6, 2015 as a matter of course pursuant to Fed. R. Civ. P. 15(a). Docket #23.

**I.    Statement of Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions or merely conclusory allegations) made by the Plaintiff in the Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must limit its review to the four corners of the Amended Complaint, but may also consider documents attached to the pleading as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as any unattached documents which are referred to in the Amended Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

On or about September 23, 2013, Plaintiff was trimming bushes on a 7-foot step ladder manufactured by Louisville Ladder, Inc. and sold by Wal-Mart. As he reached for a branch, the

---

objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991)).

ladder tipped and, immediately, the side extenders buckled and the ladder twisted causing Plaintiff to be thrown backward over a concrete sidewalk. To keep his head from slamming onto the concrete, Plaintiff placed his hand behind his back to break the fall. As a result, he experienced three broken bones and a crushed socket in his wrist and needed a metal plate to be permanently inserted.

Subsequently, Plaintiff learned that Defendant Wal-Mart instructed Louisville to redesign the ladder using a heavier duty side extender, which was placed lower on the ladder to provide the necessary strength and stability.

## II.     Procedural History

Defendants responded to Plaintiff's Amended Complaint by filing the present motions to dismiss arguing that Plaintiff's allegations do not comply with Fed. R. Civ. P. 8 and, thus, fail to state plausible claims for relief, and that Plaintiff is not allowed to seek punitive damages at the pleading stage under Colorado law. Plaintiff responds by explaining his allegations in additional detail and clarifying that he requests both compensatory and punitive damages as relief. Defendants reply contending that Plaintiff may not expand his allegations through motions briefing.

## LEGAL STANDARDS

### I.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption

of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to

"show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## II. Treatment of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

The Defendants argue primarily that Plaintiff's scant allegations in the Amended Complaint do not state plausible claims for relief. The Court agrees. Other than describing the Plaintiff's fall from the subject ladder and Plaintiff's contention that Wal-Mart instructed Louisville to redesign the ladder, all other allegations in the pleading are conclusory. Moreover, the pleading articulates no legal theory on which the Plaintiff bases his request for relief. The Court finds the Amended Complaint fails to meet the requirements of Fed. R. Civ. P. 8(a). *See, e.g., Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (noting it is important that a complaint make clear exactly who is

alleged to have done what to whom, to provide each defendant with fair notice as to the basis of the claim(s) against him or her).

However, the Court is mindful that Plaintiff is proceeding in this case *pro se*. In response to the present motions, Plaintiff attempted to demonstrate a plausible claim by expanding on his factual allegations and by stating, "Louisville Ladder, Inc. is negligent in manufacturing an inadequate, and therefore, dangerous ladder" and "both Louisville Ladder, Inc. and Wal-Mart are complicit in their knowledge that they are manufacturing and selling an inadequate and dangerous ladder." Response, docket #36. Defendants reply arguing primarily that Plaintiff may not amend his pleading through his response brief, and that (assuming they construed his response correctly) "the continued sale of a similar ladder is neither a cognizable form of relief in product liability actions nor a breach of any duty." Reply, docket #38 at 4. Defendants did not, however, argue specifically that Plaintiff's expanded allegations fail to state plausible claims for relief.

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the Court typically does not dismiss a claim under Rule 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Hall*, 935 F.2d at 1109-10.

Here, the Plaintiff amended his pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a); thus, the *pro se* Plaintiff proceeded without notice from the Court as to the insufficiency of his allegations. Without determining whether the expanded allegations set forth in Plaintiff's response brief actually state a claim, the Court finds they may be sufficient to meet Rule 8(a), so

long as the Plaintiff notifies the Defendants of the legal bases (whether, as Defendants surmise, "products liability," "negligence," "breach of warranty," or other) on which he seeks relief.

Moreover, the Court agrees with Defendants that Plaintiff is not permitted to seek punitive damages in his initial pleading. *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) (en banc) ("Claims for exemplary damages may not be included in an initial complaint, but must be made by amendment at least sixty days after the exchange of initial disclosures and must establish "prima facie proof of a triable issue" of exemplary damages"). Plaintiff clarifies in his response brief that he seeks both compensatory and punitive damages; however, Defendants are correct that Plaintiff may not amend his pleading through allegations made in a response brief.

Consequently, the Court recommends that the Plaintiff be permitted another opportunity to amend his pleading in accordance with this recommendation and the District Court's order.

## CONCLUSION

Accordingly, this Court respectfully RECOMMENDS that the District Court **grant** the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Louisville Ladder, Inc. pursuant to Fed. R. Civ. P. 12(b)(6) [filed November 16, 2015; docket #26] and the [Motion and] Joinder in Defendant Louisville Ladder's Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [filed November 20, 2015; docket #30], but permit the Plaintiff to amend his pleading in accordance with, and within 30 days of, the District Court's order.

Dated at Denver, Colorado, this 8th day of January, 2016.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge