**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 15-cv-02330-RM-MEH

STEVEN NASH,

    Plaintiff,

v.

WAL-MART, *et al.*,

    Defendants.

___

**ORDER**
___

Pending before the Court is the January 8, 2016 Report and Recommendation of U.S. Magistrate Judge Michael E. Hegarty ("the R&R") (ECF No. 46) to (1) grant defendant Louisville Ladder Inc.'s ("Louisville") motion to dismiss (ECF No. 26) the first amended complaint, (2) grant defendant Wal-Mart's ("Wal-Mart," along with Louisville, "the defendants") motion to dismiss (ECF No. 30) the first amended complaint, and (3) grant *pro se* plaintiff Steven Nash ("Nash") leave to file a second amended complaint. In Nash's first amended complaint, he alleged that he was injured after falling from a ladder manufactured by Louisville and sold by Wal-Mart. (ECF No. 23 at ¶ 4.)

The R&R specifically advised the parties that written objections were due within 14 days after service of the same. (ECF No. 46 at 1 n.1.) The Magistrate Judge warned the parties that failure to file timely objections may waive *de novo* review of the R&R. (*Id.* at 11-12.) Despite the Magistrate Judge's warning, no objections to the R&R have been filed in this case. Instead, plaintiff

has filed a *pro se* "Motion for Extension of Time" (ECF No. 52) and a *pro se* response to the R&R (ECF No. 53) that does not, in fact, respond to the R&R, but, rather, sets forth further allegations against the defendants and attaches various photographs, a medical report, and a letter purportedly analyzing the ladder that allegedly caused plaintiff's injuries.

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72, Adv. Comm. Notes, subdivision (b) (1983); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

In this light, after careful consideration of the law, the record, the parties' pleadings, and the unopposed R&R, the Court finds that the Magistrate Judge's analysis and recommendations exhibit no clear error and ADOPTS the same as if fully incorporated herein by reference. As a result, Louisville and Wal-Mart's respective motions to dismiss are GRANTED. In addition, Nash shall be GRANTED leave to file a second amended complaint.

This leads to Nash's Motion for an Extension of Time. Therein, Nash requests additional time to file an amended complaint pending possible appointment of counsel to represent him in this case. (ECF No. 52 at 1.) In that regard, Nash accurately states that, on January 13, 2016, the Magistrate Judge granted his motion for appointment of counsel. (ECF No. 51.) However, as the Magistrate Judge noted in its order, Nash enjoys no constitutional right to an attorney in this civil case, and, in this District, even if the moving party's motion has merit, there is no guarantee that counsel will be appointed because representation in this circumstance is voluntary on the part of the attorneys who have enlisted in the Civil Pro Bono Panel Program. (*See id.*); *see also* D.C. Colo.

L.Atty.R. 15. At present, the Court has not been made aware that an attorney has volunteered to represent Nash.

As a result, the Court will GRANT Nash's Motion for Extension of Time to the extent that Nash, whether or not an attorney volunteers to represent him under L.Atty.R. 15, shall have 30 days—from the day that Nash receives notice of whether an attorney has been appointed to represent him or from April 1, 2016, whichever is earlier—to file a second amended complaint. Should an attorney NOT be appointed pursuant to L.Atty.R. 15, then it will be incumbent upon Nash to file a *pro se* amended complaint by this deadline. Any failure to timely file the second amended complaint, whether by appointed counsel or Nash *pro se*, will result in dismissal of this case.

Accordingly, the Court:

(1)   ADOPTS IN FULL the R&R (ECF No. 46);

(2)   GRANTS defendant Louisville Ladder Inc.'s motion to dismiss (ECF No. 26);

(3)   GRANTS defendant Wal-Mart's motion to dismiss (ECF No. 30);

(4)   GRANTS plaintiff Steven Nash leave to file a second amended complaint; and

(5)   GRANTS plaintiff Steven Nash's Motion for Extension Time (ECF No. 52) to the extent that Nash, whether or not an attorney volunteers to represent him under L.Atty.R. 15, shall have 30 days—from the day that Nash receives notice of whether an attorney has been appointed to represent him or from April 1, 2016, whichever is earlier—to file a second amended complaint.

**Any failure to timely file the second amended complaint, whether by appointed counsel or Nash *pro se*, will result in dismissal of this case.**

**SO ORDERED.**

DATED this 18th day of February, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge